[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
CT Page 15720
The plaintiff, William F. Van Eck has brought a four count complaint against the defendant, Choicepoint, Inc. The defendant has filed a motion to strike each of the four counts of the complaint on the basis that the allegations contained therein are insufficient to state a cause of action. For the reasons set forth below it is the opinion of the court that the defendant's motion should be granted as to the first three counts of the complaint and denied as to the fourth.
Essentially, the plaintiff alleges that the defendant in the course of its business of reporting information to insurance carriers, transmitted incorrect information as to his wife's claim history to two insurance carriers with the result that the plaintiff has been and will be required to pay increased premiums for insurance coverage.
The first count of the complaint sounds in defamation. The second count alleges deceit. The third count claims a violation of CUTPA (Connecticut Unfair Trade Practices Act). The fourth count alleges negligence.
As to all four counts the defendant claims that reports of an entity such as the defendant which provide claim information to an insurance carrier are privileged and that in order to state a cause of action the plaintiff must allege and prove malice.
As to the defendant's claim of privilege a review of the authorities cited in the defendant's brief indicates that the privilege exists in the context of actions for defamation and therefore would apply only to the first count of the complaint. In the first count of the complaint, there are allegations which, when construed in a manner most favorable to the pleader would amount to a claim that the defendant acted with reckless disregard as to the truth of the information at issue. One acts with malice in this context when it provides information knowing that it is false or with reckless disregard as to whether it is false or not. Dunand Bradstreet, Inc. v. O'Neil, 456 S.W.2d 896, 900 (1970). CT Page 15721
However, the first count of the complaint is fatally flawed for another reason. The alleged defamatory statements were made concerning the plaintiff's wife rather than the plaintiff himself. See Prosser and Keeton
On Torts, 5th, p. 783; Restatement of Torts 2d. sec. 564 comment a. The plaintiff cannot allege a cause of action based upon defamatory statements made concerning a person other than himself, thus the motion to strike must be granted as to the first count of the complaint.
The plaintiff refers to the second count as "deceit" although it is somewhat unclear as to exactly what cause of action is sought to be alleged. The defendant characterized the second count as sounding in "fraud" which is probably a correct characterization.
In order to state a cause of action for fraudulent misrepresentation the plaintiff must allege that a false representation was made as a statement of fact, that it was untrue and known to be untrue by the party making it, that it was made to induce the other party to act, and such other party did so act to his detriment. Citino v. Redevelopment Agency,51 Conn. App. 262, 275-76 (1998).
The second count of the complaint makes no such allegations and thus the motion to strike must be granted as to such count.
As to the third count alleging a violation of CUTPA, the allegations therein fall short of stating facts which amount to conduct which could be considered immoral, unethical, or unscrupulous as to violate the "cigarette rule." See Willow Springs Condominium Assn., Inc. v. SeventhBRI Development Corp., 245 Conn. 1, 43 (1998).
As to the fourth count alleging negligence, the court believes that the allegations therein are sufficient to withstand the motion to strike. An agency such as the defendant should know that if it provides inaccurate information concerning one's claim history to an insurer, such conduct would likely result in adverse financial consequences to such person. Therefore, a duty to use reasonable care would arise on the part of such agency.
The plaintiff has alleged that even though the alleged misinformation related to his wife, he as a family member has been damaged by virtue of being required to pay higher premiums.
Thus, if the plaintiff proves that the defendant negligently sent misinformation concerning his wife's claim history to one or more insurers, and that as a result he was required to pay higher premiums to obtain coverage, he should be entitled to recover the appropriate damages. CT Page 15722
The motion to strike is granted as to counts one, two, and three, and denied as to count four.
Thompson, J.